UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE J. MCGHEE,<br>Plaintiff,<br>v.<br>CITY OF VALLEJO, *et al.*,<br>Defendants. | Case No. 2:26-cv-3285-DAD-JDP (PS)<br><br>ORDER |

Plaintiff brings this action against the City of Vallejo and Vallejo Police Officers Rafael Mondragon and Jimmi Kelly. The complaint's allegations are, for screening purposes, sufficient to state cognizable claims, and I will direct service.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not

require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

For screening purposes, the complaint contains allegations sufficient to state cognizable claims against defendants. Accordingly, the court will direct service of the complaint.

Accordingly, it is hereby ORDERED that:

1. Service is appropriate on defendants:

   a) City of Vallejo;

   b) Rafael Mondragon, Vallejo Police Officer; and

   c) Jimmi Kelly, Vallejo Police Officer.

2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

3. The Clerk of the Court is directed to issue process and to send plaintiff an instruction sheet for service of process by the United States Marshal, three USM-285 forms, a summons form, and an endorsed copy of plaintiff's complaint filed September 16, 2026. ECF No. 1.

4. Within sixty days after this order is served, plaintiff shall supply the U.S. Marshal all information needed by the Marshal to effect service of process. The required documents shall be

submitted directly to the United States Marshal either by personal delivery or by mail to: United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030). The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant, at least:

a. One completed summons;

b. One completed USM-285 form;

c. One copy of the endorsed complaint, with an extra copy for the U.S. Marshal;

d. One copy of the instant order.

5. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on a defendant within ninety days of receiving this order the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

6. Within twenty-one days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiffs submitted the required documents to the United States Marshal. Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

7. Within sixty days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendants without prepayment of costs.

IT IS SO ORDERED.

Dated: September 24, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE